# AFFIDAVIT OF PATRICIA COAKLEY

I, Patricia A. Coakley, United States ("U.S.") Postal Inspector, being duly sworn, depose and say:

1. I am assigned to the U.S. Postal Inspection Service ("Inspection Service"), Boston, Massachusetts. I have been a postal inspector since June 15, 2002.

2. As a postal inspector, I am aware that Title 18, United States Code, Section 1709 makes it a criminal offense for anyone to embezzle or steal, abstract, or remove from any letter, package, bag, or mail, any article or thing contained therein that was entrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any person employed by the Postal Service. Having so stated, I make this affidavit in support of an application for a criminal complaint charging an individual named Michelle Carpentier ("Carpentier") with mail theft in violation of Title 18, United States Code, Section 1709.

3. The facts set forth herein are based on my own investigation and upon information provided to me by other postal inspectors and U.S. Postal Service employees. In submitting this affidavit, however, I have not included each and every fact known to me about the investigation, but only those facts which I believe are sufficient to establish the requisite probable cause.

4. Beginning in December of 2002, the Postal Inspection Service was contacted by postal customers on Rural Carrier Route 1 in Uxbridge, MA. Several customers stated that they had received greeting cards through the mail that had been tampered with. Customers also stated that they only had problems with tampered mail on Saturdays. In addition, they stated that outgoing mail placed in their mailboxes on

Saturdays containing money and gift cards never reached their destinations. Accordingly, testing and observation on Rural Route 1 was initiated by the Postal Inspection Service. Through discussions with postal management, it was determined that mail carrier Carpentier was assigned to deliver Rural Route 1 on Saturdays.

5. On December 27, 2002, postal inspectors prepared two test-pieces of mail for placement in Carpentier's mail trays. Both envelopes contained greeting cards. The envelopes were placed in Carpentier's mail trays by the Uxbridge Postmaster for distribution and delivery on Saturday, December 28, 2002. The first envelope was addressed to Jamie Oakley, 24 Cross Road, Uxbridge, MA 01569. The return address was P.O. Box 51271, Boston, MA 02205. A $.37 First Class stamp was placed on the envelope. The envelope contained a greeting card and five $1 bills. This address was not a deliverable address on Rural Route 1; there is no number 24 on this street. The second envelope was addressed to Amy Ergensons, 10 Cassie Lane, Uxbridge, MA 01569. The return address was 393 Washington Street, Norwood, MA 02062. A $.37 First Class stamp was placed on the envelope. The envelope contained a greeting card and five $1 bills. This address was not a deliverable address on Rural Route 1; there is no number 10 on this street. If handled properly, these two envelopes would have been placed by the carrier in a hot case. The hot case is a location in the post office where carriers deposit undeliverable as addressed mail that has been sorted to their route. Michelle Carpentier did not place these two pieces in the hot case and neither piece was received at its respective return address.

6. On January 6, 2002, postal inspectors prepared one test-piece of mail for placement in Carpentier's mail tray. The envelope contained a greeting card. The

envelope was placed in Carpentier's mail trays by the Postmaster for distribution and delivery on Saturday, January 11, 2003. The envelope was addressed to Mandy Mastrigillio, 20 Cold Spring Drive, Uxbridge, MA 01569. The return address was P.O. Box 242, Norwood, MA 02062. A $.37 First Class stamp was placed on the envelope. The envelope contained a greeting card and ten $1 bills. This address was not a deliverable address on Rural Route 1; there is no number 20 on this street. Michelle Carpentier did not place this envelope in the hot case and it was not received at its return address in Norwood.

7. On March 8, 2003, postal inspectors prepared another test-piece of mail for placement in Carpentier's mail tray. The test piece was a green greeting card envelope which contained a greeting card. The envelope was addressed to Gwen Tserkis, 24 Cross Road, Uxbridge, MA 01569. The return address was P.O. Box 839, Auburn, NH 03032. A $.37 First Class stamp and an orange birthday cake sticker were placed on the envelope. The greeting card contained two $20 bills and one $10 bill. This test piece also contained a beacon transmitting device. This address was not a deliverable address on Rural Route 1 as there is no number 24 on this street. If handled properly, this envelope would be placed by the carrier in a hot case.

8. On March 8, 2003, Postmaster Shirley Weber of the Uxbridge Post Office was asked to place the above envelope with the mail to be delivered on Rural Route 1 on March 8, 2003.

9. At approximately 6:15 a.m. on March 8, 2003, the piece was given to Postmaster Weber. At that time, the beacon transmitter was emitting a slow beep. At approximately 6:30 a.m., Postmaster Weber placed the envelope in Carpentier's mail

trays with other mail for distribution and delivery on March 8, 2003. Constant audible observation of the envelope was maintained by postal inspectors.

10. At approximately 10:34 a.m., Carpentier was observed loading the mail into her postal vehicle. During the time Carpentier was sorting, casing and bundling her mail, the envelope was under constant audible observation. At that time, the beacon transmitter was still emitting a slow beep. Prior to leaving the post office, Carpentier did not place the test piece in the hot case as she should have.

11. At approximately 10:40 a.m., Carpentier was observed leaving the Uxbridge Post Office in her postal vehicle, followed by postal inspectors. At approximately 10:50 a.m., the beacon transmitter began emitting a fast beep indicating the contents of the test piece had been removed from the envelope. Carpentier was approached and was asked to exit the postal vehicle. Inside the vehicle a mail tub containing mail trays was located next to the driver's seat. Postal inspectors observed Carpentier attempting to place a green greeting card envelope into one of the mail trays. Upon inspection it was determined that the envelope was the test piece addressed to Gwen Tserkis. The envelope had been torn open but the $50 had not been removed. When asked, Carpentier initially denied opening the green envelope. During a subsequent interview, Carpentier admitted opening the envelope.

12. The postal vehicle was searched. A purple envelope addressed to Andrew Thompson at 11 Hollis Street, Uxbridge, MA 01569 was recovered. The envelope contained a personal check and a birthday greeting card. The envelope was found on the inside dashboard of the vehicle. The envelope was torn open on the upper right corner.

The address, 11 Hollis Street, Uxbridge, MA 01569, is not a delivery address on Rural Route 1.

13. Carpentier was escorted back to the Uxbridge Post Office. Carpentier was advised the Inspection Service had received a number of complaints from customers on her route and that the Inspection Service had lost several test pieces placed by the Postmaster.

14. Carpentier was read her rights. Carpentier waived her rights and agreed to voluntarily make two statements to postal inspectors. Carpentier was told this case would be presented for federal prosecution. Carpentier did not request a union steward.

15. Carpentier admitted to rifling the envelope addressed to Gwen Tserkis. Carpentier also stated that she was trying to decide whether or not to steal the contents of the envelope when she was stopped by postal inspectors.

16. Carpentier admitted to rifling the envelope addressed to Andrew Thompson. Carpentier stated that she had just begun to open the envelope when she was stopped by postal inspectors.

17. Carpentier also admitted to rifling an envelope on her route several weeks ago and stealing its contents. The envelope was addressed to a customer on her route and contained a greeting card and a $20 bill. Carpentier could not recall the name or address of the affected customer. Carpentier denied opening any other pieces of mail.

18. Based upon the foregoing, I have probable cause to believe that on December 28, 2002, Carpentier did open and steal the contents of test pieces of mail (as described in paragraph #5 above) entrusted to her which were intended to be conveyed by mail in violation of 18 U.S.C. §1709.

12/30/03
Date

Patricia A. Coakley, U.S. Postal Inspector

Sworn and subscribed to before me this 30th day of December, 2003.

CHARLES B. SWARTWOOD
UNITED STATES MAGISTRATE JUDGE